IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAWN M. CLARY, | |
| Plaintiff(s), | Civil Action No. 4:22-cv-03230 |
| v. | **PROTECTIVE ORDER** |
| SPECTRUM BRANDS HOLDINGS, INC. AND TRISTAR PRODUCTS, INC., | |
| Defendant(s). | |

As requested in the parties' joint motion, (Filing No. 44), which is hereby granted,

IT IS ORDERED:

1) Good cause exists for a Protective Order to be entered given the confidential and sensitive information to be requested and produced in the course of discovery. FED. R. CIV. P. 26(c).

2) The parties' stipulation is approved, and the attached protective order is hereby entered.

Date:  January 13, 2024

_____
Cheryl R. Zwart, U.S Magistrate Judge

# **CONFIDENTIALITY AND PROTECTIVE ORDER**

The parties, through their respective counsel, stipulate to the entry of this Proposed Confidentiality and Protective Order ("Order") and agree that it shall control the dissemination of all documents, materials, and other information, including the substance, content, copies, and summaries thereof, by any party in the above-captioned litigation and any appeals thereto.

## A) **DEFINITIONS**

1) "**Action**" shall refer to the above-captioned matter and any appeals thereto, regardless of whether this litigation or a subsequent proceeding is transferred out of the current venue.

2) "**Producing Party**" shall refer to the party who, either individually or through a representative, produces, exchanges, or otherwise provides the documents, materials, and other information, including the substance, content, copies, and summaries thereof, governed by this Order.

3) "**Receiving Party**" and "**Receiving Parties**" shall refer to the party or parties who receive, either individually or through a representative, the documents, materials, and other information, including the substance, content, copies, and summaries thereof, governed by this Order.

4) "**Confidential Information**" shall refer to any information that a Producing Party reasonably believes constitutes, reflects, discloses, or contains:

   a) "Trade secret or other confidential research, development, or commercial information" that is suitable for protection pursuant to Federal Rule of Civil Procedure 26(c)(1)(G); or

Information that may be protected from disclosure pursuant to a party's or individual's constitutional or statutory right to privacy, such as protected psychiatric, psychological, medical, or employment information. Confidential information shall not include information or documents that are available through other sources outside of the parties or the formal discovery process.

5) "**Trade Secret**" and "**Trade Secrets**" shall refer to information that meets the definition of the phrase as provided by 18 U.S.C.A. §1839. It shall include "all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing [when]—(A) the [the Producing Party] has taken reasonable measures to keep such information secret; and (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information."

6) "**Protected Information**" shall refer to documents which a party reasonably believes constitute, reflect, disclose, or contain Confidential Information, Trade Secrets, or other proprietary information.

7) "**Qualified Person**" shall refer to the following individuals:

a) Plaintiff or Plaintiff's counsel of record in this Action, including attorneys and clerical, secretarial, information technology, and other non-attorney staff employed or contracted by Plaintiff's Counsel (collectively "Plaintiff's Counsel").

b) All individuals employed by the named defendants to this Action, including regulatory employees, in-house counsel, paralegals, legal managers, clerical, secretarial, information technology, and other staff of the named defendants (collectively, "Defendants").

c) Defendants and their counsel of record in this Action, including attorneys and clerical, secretarial, information technology, and other non-attorney staff employed or contracted by the other defendant or party (collectively, "Defense Counsel").

d) Experts and consultants retained by any party to this Action to assist in the preparation and presentation of claims or defenses in this Action ("Experts and Consultants"). Plaintiffs may not disclose Protected Information to Experts and Consultants who:

(i) Have served within the past two (2) years as an employee, officer, director, agent, contractor, subcontractor, or technical consultant for any entity other than the Defendants which manufactures or designs consumer products;

(ii) Have derived substantial income within the past two (2) years from the manufacture and design of consumer products;

(iii) Has been hired, retained, or otherwise contracted to assist within the next five (5) years in the manufacture or design of consumer products; or

EXHIBIT A

  (iv) Intends to seek work related to the manufacture and design of consumer products within the next five (5) years.

 e)   Judges, jurors, court reporters, court personnel, and videographers present at trial, hearings, arguments, or depositions completed in furtherance of this Action, subject to the terms set forth herein.

 f)   Alternative dispute personnel chosen by or for the parties in this Action.

 g)   Individuals who have provided executed attestations, signaling their intention to be bound by this agreement, to counsel for Tristar.

**B) <u>INTRODUCTION</u>**

 **1) Generally.** This Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during this Action, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, testimony, discovery response, or otherwise by any Producing Party to any Receiving Party, whether provided voluntarily, pursuant to formal discovery procedures, or otherwise.

 **2) Impact on privilege and similar protections.** The production, use, or disclosure of the substance or content of documents, materials, or other information that is protected by the attorney-client privilege, work-product doctrine, or any other similar principle shall not amount to a waiver of the privilege or protection in this Action or in any other judicial or regulatory proceeding. All Receiving Parties agree that they will not argue, in this Action or in any other action or proceeding, that the production, use, or disclosure of such documents, materials, or other information in this Action constitutes a waiver of the privilege or protection.

3) **Impact on discovery.** This Order shall not relieve any party of its obligations to respond to otherwise proper discovery in this Action. Nothing contained in this Order shall waive or impair any party's right to assert claims of privilege or work product protection, or the right of any party to object to the relevancy or admissibility of documents or information sought or produced and to assert objections to requested discovery on grounds other than Confidential Information.  This Order shall not affect or create any presumption with respect to the right of any party from seeking or obtaining additional protection with respect to any documents, materials, or information where allowed by law.

4) **Jurisdiction.** All persons given information that is governed by this Order consent to the jurisdiction of the court identified in the above caption and to the jurisdiction of any court to which the above-captioned matter is subsequently transferred.  In the event that multiple jurisdictions could govern a dispute arising from this Order, the governing jurisdiction shall be selected by the party seeking to enforce this Order.

5) **General limitations.**  Each party shall retain the rights and remedies available to it under the law for the enforcement of this Order and anyone who violates it.  However, nothing in this Order shall be construed to prevent the Court from disclosing any facts which the Court relies upon in making any findings or issuing any ruling, order, judgement or decree in this Action.

6) **Modification and expiration.** By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified. This Order shall continue in force until amended or modified by consent or agreement of the parties or by order of the Court, and shall survive any final judgment or settlement, including

but not limited to any final adjudication or exhaustion of appeals. The Court shall have continuing jurisdiction over the terms and provisions of this Order.

C) **DESIGNATING INFORMATION AS CONFIDENTIAL**

1) **Generally.** A Producing Party producing documents which contain Protected Information may designate the contents of the documents as "Confidential" prior to or at the time of production by placing the following designation on the documents: "CONFIDENTIAL". This designation shall be placed in the footer of each document. Where a document consists of more than one page, each page of the document shall be designated with the "CONFIDENTIAL" legend. Any document or information for which it is impracticable or impossible to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question, including the applicable Bates number. By designating a document as "CONFIDENTIAL" the Producing Party stipulates that the document is an original document or an authentic and representative copy of the same.

2) **Inspection in lieu of production.** If a Producing Party makes Protected Information available for inspection, rather than delivering copies to a Receiving Party, the Producing Party may designate it as "Confidential" prior to the initial inspection. Receiving Parties understand that their notes, summaries, and observations of the inspected materials shall be afforded and given the full protections of this Order.

3) **Written discovery.** If responses to written discovery contain Protected Information, the Producing Party may designate his, her, or it's written discovery responses as "Confidential" by placing said designation in the footer of each page in the document.

4) **Depositions.** The parties may designate any deposition transcript, or any portion thereof, taken or completed in furtherance of this Action which contains, references, or discusses Protected Information as "Confidential". The designating party may either advise the court reporter on the record during the deposition that the resulting transcript will contain Protected Information or advise the court reporter and all counsel by email of the designation no later than thirty (30) calendar days after receiving a copy of the transcript from the court reporter. The court reporter shall clearly mark each transcript prior to the expiration of the 30-day period as "DO NOT DISCLOSE - SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Deposition transcripts will be treated as Confidential Information until expiration of the 30-day period. If any party does not designate the transcript as "Confidential" at the time of the deposition or within the 30-day period defined above, no portion of the transcript will be deemed "Confidential" and the "DO NOT DISCLOSE- SUBJECT TO FURTHER CONFIDENTIALITY REVIEW" legend may be removed. If all of a deposition transcript is designated as "Confidential", the court reporter shall apply the "Confidential" designation to the cover page of the transcript and to each page of the transcript. If portions of a deposition transcript are designated as "Confidential", the court report shall insert the "Confidential" designation on the cover page of the transcript and each page which contains Confidential Information. Such designations shall apply to audio, video, or other recordings of the testimony.

5) **Information produced by third parties.** Information received or circulated from an individual or entity not named as a litigant in this Action shall be treated as Confidential for thirty (30) days after the information is circulated to the named parties in this

Action. Parties to this Action may designate these documents, information, and testimony as Confidential provided the designating party believes the information includes, incorporates, or conveys Protected Information. The party making such designation shall have the same rights, duties, and obligations as a Producing Party under this Order. The party making such designation shall:

a) Designate the information as Confidential via email within thirty (30) days of receipt thereof; and

b) Include in their designating email copies of the information that are labeled "Confidential" in accordance with this Order.

If a Party does not designate materials as "Confidential" within 30-days following receipt thereof, such information shall no longer be treated as Confidential.

6) **Publicly available information.** The confidentiality restrictions and obligations set forth herein shall not apply to information that is generally available to the public at the time the information is produced or disclosed. This Order does not address or alter whether parties may argue that non-confidential documents should still be entitled to protection under the work-product doctrine or the attorney client privilege.

D) **DOCUMENTS REDACTED OR WITHHELD**

1) **Generally.** Any Producing Party may withhold or redact documents and information requested in discovery on the grounds that the documents or information are protected by the attorney-client privilege, work product doctrine, any other legal prohibition against disclosure, or any other privilege or immunity. The following documents and information may also be withheld or redacted:

      a) Personal identifying information, personal data, sensitive personal data, or other data believed in good faith to be subject to federal, state, or foreign data protection laws; and

      b) Information related to products that are not at issue in this Action.

**2) Notice.** The Producing Party shall clearly note when a document has been withheld or redacted, including the basis for their decision with specific reference to this Order.

**E) LIMITATIONS ON THE USE AND STORAGE OF INFORMATION DESIGNATED AS "CONFIDENTIAL"**

    **1) Generally.** Information designated as "Confidential", including any copies, prints, negatives, summaries, or representations thereof, shall be used solely for furthering or defending the claims in this Action. It may only be distributed to Qualified Individuals who have executed a copy of the Attestation of Understanding annexed to this Order as **EXHIBIT A** ("Attestation"). Persons who come into contact with information designated as "Confidential" entirely in a clerical or administrative capacity and who do not retain copies or extracts thereof are not required to execute the Attestation, but must comply with the terms of this Order.

    **2) Admissibility.** Nothing in this Order shall be interpreted as consent to the admissibility of the materials that have been produced by Tristar Products, Inc. in this Action or any other matter or case.

    **3) Executing the Attestation.** Receiving Parties may not provide any information designated as "Confidential" to any Qualified Person unless and until the Qualified Person reads this Order, executes the Attestation, and returns his, her or their executed Attestation to the Receiving Party, thereby acknowledging that he, she, or they has read this Order and agrees to be bound by its terms.

4) **Maintaining executed Attestations.** Executed Attestations shall be maintained by the Receiving Party responsible for distributing the information protected by this Order to the Qualified Person. Producing Parties may periodically request copies of these executed authorizations to ensure compliance with this Order and its terms.

5) **Storage of information designated as Confidential.** Information designated as "Confidential" shall not be placed or deposited in any sort of data bank that is made available for indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses, or any other person who may not properly be considered a Qualified Person and who has not executed the Attestation. This paragraph and the other provisions of this Order shall not apply to materials which, if challenged, the Court rules are not properly considered Protected Information.

6) **Prohibited distribution.** Under no circumstances shall any Receiving Party, Qualified Person, or individual associated thereto sell, offer, advertise, publicize, or provide any information designated as "Confidential" to any competitor of any Defendant or to any employee or contractor of any competitor (irrespective of whether they are retained as a testifying or consulting expert by a party in this Action) or to any attorney not serving as counsel of record in this Action except as otherwise referenced above in paragraph (A)(7)(g).

7) **Filing under seal and use during proceedings.** The parties shall act to preserve the confidentiality of information designated as Confidential. Any information designated as Confidential that is submitted to the Court shall retain its designation and shall be filed under seal. If any party describes the substance of such information on the record or anticipates that they will describe the substance of such information on the record,

then said party shall move the court to close the proceedings and seal the resulting transcripts to prevent the circumvention of the Confidential designation.

8) **Response to subpoenas.**  In the event that a Receiving Party or a Qualified Person retained by a Receiving Party is served with a subpoena for information identified as "Confidential" in this Action by a non-party to this Action, the Receiving Party shall immediately provide the Producing Party with a copy of the subpoena.  Under no circumstances shall the Receiving Party or the Qualified Person satisfy the subpoena before the Producing Party has an opportunity to object to the subpoena.

9) **Unauthorized disclosure.** If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall take reasonable efforts to immediately

   a) Inform the Producing Party in writing of such disclosure, including the identity of the unauthorized recipient of the Confidential Information and the circumstances underling the unauthorized disclosure;

   b) To the extent the Receiving Party has control over the unauthorized disclosed documents, retrieve all copies of the Confidential Information; and

   c) To the extent the Receiving party has control over the person or persons to whom unauthorized disclosures were made, inform the persons of the terms of this Protective Order.

10) **Enforcement of these limitations.**  If a Producing Party discovers that a Receiving Party or Qualified Person has disclosed information designated as "Confidential" to individuals or entities prohibited from receiving such information by this Order, then the Producing Party may move for sanctions or, if appropriate, file suit for economic damages.  Such sanctions may include an order prohibiting the Receiving Party or

Qualified Person from having continued contact with or possession of the information. The costs associated with these motions or lawsuits shall be borne by the Receiving Party responsible for the improper distribution or the Receiving Party responsible for the Qualified Person who improperly distributed the information.

F) **CHANGES IN AND OBJECTIONS TO DESIGNATIONS AND REDACTIONS**

1) **Inadvertent disclosure of privileged or Protected Information.** If a Producing Party inadvertently produces Protected Information without designating the information as "Confidential" or inadvertently produces privileged information, such inadvertence shall not waive any claim of confidentiality or privilege that the Producing Party may possess so long as the Producing Party notifies all Receiving Parties of the appropriate designation or mistake within thirty (30) days of the date that the Producing Party became aware or reasonably should have become aware of its mistake. Such notice shall be made in writing and include either a new copy of the inadvertently disclosed Protected Information that is properly designated in accordance with this Order or a statement that new copies of the inadvertently disclosed information shall not be produced because said information is entirely protected by privilege. Upon receipt of this notice and copy, the Receiving Parties shall:

a) Promptly return or destroy the earlier produced version of the information;

b) Provide written notice to any person to whom the Receiving Party disclosed such information of the information's Confidential designation or privileged status; and

c) Procure and destroy all copies of the information which the Receiving Party disclosed to individuals who are not Qualified Persons and all copies which the same individuals distributed to other individuals and entities.

2) **Missing designations identified by Receiving Parties.** If a Receiving Party identifies a document, material, or other information that reasonably appears to be protected by any privilege or other protection, they shall promptly notify the Producing Party in writing. If the Producing Party determines that the document, material, or other information is privileged or otherwise protected, it shall make such an assertion in writing within 30 days of receipt of notification. After being notified, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. Failure to assert the privilege or protection within 30 days of receipt of notification shall amount to waiver of any privilege or protection only of the document, material, or other information identified in the m notification.

3) **Challenging Confidential designations.** Receiving Parties may challenge a Confidential designation by notifying the party responsible for the designation that the information does not qualify or include Confidential Information or Trade Secrets. Such challenges must be made in writing and be specific to each designated piece of information included or referenced in the challenge. The Receiving Party and the Producing Party shall then meet and confer within ten (10) days and make a good faith effort to resolve the challenge(s) without judicial intervention.

4) **Moving to remove Confidential designations.** If the parties do not resolve any challenge during the meet and confer required in the paragraph above, then:

a) The Receiving Party must file a Notice of Challenged Designations with the Court, therein identifying by Bates number the specific information being challenged and providing a brief description of the information.

b) Within fourteen (14) days of the filing date of the Notice of Challenged Designations, the Producing Party must file a Motion to Protect Designations with the Court, therein explaining why the challenged designations are appropriate pursuant to this Order.

c) Within seven (7) days of the filing date of the Motion to Protect Designations, the Receiving Party may file a reply thereto rebutting the designating party's assertions.

5) **Burden regarding Confidential designations.** Nothing in this Order shall be deemed to shift the burden of proof to the party challenging a Confidential designation. The burden of proof in this regard remains on the Producing Party.

6) **Challenging redactions.** A Receiving Party may challenge redacted and withheld documents by notifying the Producing Party of their objections to the same. Such challenges must be made in writing and be specific to each piece of information included or referenced in the challenge. The Receiving Party and the Producing Party shall then meet and confer within ten (10) days and make a good faith effort to resolve the challenge(s) without judicial intervention. Should the Producing Party reveal the information hidden by a redaction or the contents of a withheld document during this meet and confer, such revelation shall not constitute a waiver of the protections provided by this Order.

7) **Moving to remove redactions or produce withheld documents.** If the parties do not resolve any challenge during the meet and confer required in the paragraph above, then:

   a) The Receiving Party must file a Notice of Challenged Redactions with the Court, therein identifying by Bates number the specific information being challenged and providing a brief description of the information.

   b) Within fourteen (14) days of the filing date of the Notice of Challenged Redactions, the Producing Party must file a Motion to Protect Redactions with the Court, therein explaining how the Order authorizes it to redact or withhold the information at issue in the challenge.

   c) Within seven (7) days of the filing date of the Motion to Protect Redactions, the Receiving Party may file a reply thereto rebutting the Producing Party's assertions.

8) **Continued protection pending resolution.** The information protected by any challenged designation, redaction, or decision to withhold shall be treated as Confidential, redacted, or withheld unless and until:

   a) The designating party/Producing Party gives written permission to do otherwise;

   b) The designating party/Producing Party fails to file the motion contemplated by this paragraph within 30 days of the meet and confer; or

   c) The Court rules that the information does not qualify or contain Confidential Information or Trade Secrets (as the phrases are defined in this Order).

Should the Court rule that the challenged information does not warrant a Confidential designation, the designating party shall, within fourteen (14) days after all appeals are exhausted, circulate to all parties copies of the information free of the "Confidential" designation. A Producing Party at all times operates according to a good faith

requirement that it has reviewed any and all documents before designating them and that it had a good faith basis for marking any and all documents as Confidential. Likewise, Receiving Parties shall only challenge designations when they have a good faith basis to believe they are inappropriate.

G) **OBLIGATIONS AFTER FINAL DISPOSITION**

1) **Generally.** The provisions of this Order shall not terminate at the conclusion of this Action. It shall remain in full force and effect unless and until the Court orders otherwise.

2) **Destruction or deletion of Confidential Information.** Within forty-five (45) days of the termination of this Action by judgment, settlement, dismissal, final appeal, or other complete resolution, or the time required by any ethical rules or the liability insurer of a Receiving Party, whichever is longer, Receiving Parties shall destroy all copies of Confidential Information received, regardless of the format in which that information was produced or kept. This provision includes all information provided to Qualified Persons and demands the deletion of computer files and electronic messages containing Confidential Information. Counsel responsible for the dissemination of Confidential Information to Qualified Persons shall bear the burden of retrieving such documents or information from the Qualified Persons, including but not limited to consulting experts, and destroying the documents or information in accordance with this paragraph.

3) **Exception for counsel of record.** Counsel of record for any party to this Action need not destroy or return Confidential Information filed with the Court or incorporated into attorney work product or attorney-client communications. The Confidential

Information retained pursuant to this paragraph shall not lose the protections afforded to it by this Order.

Dated: January 12, 2024.

*/s/ Corey Stull*                                    */s/ Christopher M. Schmidt*

Attorney for Plaintiff(s)                    Attorney for Tristar

*Counsel for Plaintiff(s)*                    *Counsel for Tristar Products, Inc.*

The Court, having reviewed the information contained in the Proposed Confidentiality and Protective Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' Confidentiality and Protective Order and **MAKES IT THE ORDER OF THE COURT.**

Date: January 13, 2024

_____
Cheryl R. Zwart, U.S. Magistrate Judge

**EXHIBIT A**

## EXHIBIT A TO PROTECTIVE ORDER – AGREEMENT

     I, _____, certify that I have read the Protective Order dated _____ and entered in the above-captioned action and further certify that I fully understand the procedural and substantive requirements of that Protective Order, a copy of which is attached hereto. Before reviewing or receiving access to any document, material, information and/or discovery subject to the protection of that Order and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Order. I subject myself to the jurisdiction and venue of said court for purposes of enforcement of the Order.

                                                                             _____
                                                                             Signature

                                                                             _____
                                                                             Print Name

Sworn and subscribed before me
this _____ day of_____,
20____.

Notary Public: _____
My Commission Expires: _____

EXHIBIT A